# EXHIBIT A

SPS

COMMONWEALTH OF VIRGINIA
CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Lovet Ndialle vs. Saks Fifth Avenue LLC

CL-2022-0008102

TO: Saks Fifth Avenue LLC
c/o Corporation Service Company (R/A)
100 Shockoe Slip, Floor 2
Richmond, VA 23219

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on June 21, 2022.

JOHN T. FREY, CLERK
By: _____
Deputy Clerk

Plaintiff's Attorney: Thomas F. Hennessy

**VIRGINIA:**

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

LOVET NDIALLE, :

    Plaintiff, :

v. : Case no. 2022 8102

SAKS FIFTH AVENUE, LLC, :

    Defendant. :

FILED
CIVIL INTAKE
2022 JUN 17 P 3: 44
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

Serve: Saks Fifth Avenue, LLC
c/o Corporation Service Company (Registered Agent)
100 Shockoe Slip, Floor 2
Richmond, Virginia 23219

## COMPLAINT

COMES NOW Plaintiff LOVET NDIALLE ("Plaintiff" or "Mr. Ndialle"), by counsel, and respectfully brings this claim alleging counts of malicious prosecution and false imprisonment against Defendant SAKS, INC. ("Defendant" or "Saks"). In support thereof, Plaintiff sets forth the following:

### PARTIES

1. Plaintiff is a legal resident of the United States residing in Menifee, California.

2. At all material times Defendant Saks was a corporation organized and existing under the laws of the State of New York, with its principal place of business being New York, New York.

### JURISDICTION

3. Plaintiff was prosecuted in Fairfax County General District Court and the conduct of Defendant Saks' Loss Prevention Officer giving rise to the claims asserted herein occurred in Fairfax County.

4. Pursuant to Virginia Code §8.01-261, venue is appropriately laid in Fairfax County.

## FACTS

5. Plaintiff is a non-citizen Black man currently residing in Menifee, California. On November 29, 2020, Plaintiff dropped his wife off at the airport and decided to go shopping at the Galleria in Tyson's Corner, Virginia ("the Galleria"). Earlier that day, Plaintiff withdrew cash from his bank, and he had approximately two thousand dollars ($2,000.00) in cash. After distributing some cash to family members so that they could shop at the Galleria as well, Plaintiff had one thousand seven hundred ($1,700.00) in cash for his personal use. Plaintiff finished shopping at Neiman Marcus and walked over to Saks to purchase a T-Shirt and a jacket, which he purchased for six hundred seven dollars ($607.00). When Plaintiff exited the store, he realized that he had forgotten to get a receipt, and promptly went to retrieve the same. After he obtained the receipt, Plaintiff walked back upstairs to shop more at Yves Saint Laurent. When Plaintiff finished shopping and returned to the parking garage, he was met by several law enforcement officers. Plaintiff was detained and informed by law enforcement officers that he was being detained due to a report that he had passed off counterfeit currency to the cashier he dealt with at Saks, identified only as "Marco." He was subsequently arrested and put in handcuffs. During his interaction with law enforcement, Plaintiff provided proof that he had received the cash directly from a bank withdrawal. No other stores in which Plaintiff had been shopping had made reports of him using counterfeit currency. It was later determined that this incident arose from a Loss Prevention Officer ("LPO") that had exchanged the cash that Plaintiff paid the store with, with counterfeit money, whilst pocketing Plaintiff's legitimate cash. From

there, the LPO contacted law enforcement in an attempt to obfuscate his exchange of the currency.

6. As a consequence of Defendant's wrongful actions as described herein Plaintiff was detained, arrested, and charged with Forging a Bank Note (§ 18.2-173, Code of Virginia) and Obtaining Money Under False Pretenses (§ 18.2-178, Code of Virginia). These cases were adjudicated in the Fairfax County General District Court, case numbers GC21004237 and GC21004238, respectively.

7. As a consequence of Plaintiff's arrest, he now suffers from extreme anxiety relating to going outside or interacting with employees, particularly in a retail setting. He has had to seek psychiatric care as a result of this incident.

8. The Commonwealth's Attorney's Office subsequently dismissed the charge against Plaintiff.

### COUNT I.   MALICIOUS PROSECUTION

9. Paragraphs 1 through 8 are incorporated herein as if set forth in their entireties.

10. The conduct of Defendants as set forth herein was malicious.

11. Plaintiff's prosecution was instituted by or with cooperation of defendants.

12. The prosecution of Plaintiff was without probable cause.

13. Terminated in a manner not unfavorable to plaintiff.

14. Plaintiff has been damaged by the actions of Defendant as described herein, including monetary damages for loss of income. The actions of Defendant as described herein were malicious and Plaintiff is entitled to recover punitive damages.

## COUNT II    FALSE IMPRISONMENT

15. Paragraphs 1 through 8 are incorporated herein as if set forth in their entireties.

16. The conduct and actions of Defendants as alleged herein resulted in the intentional restriction of Plaintiff's freedom of movement.

17. The imprisonment or detention of Plaintiff as described herein was done without legal right.

18. Plaintiff's imprisonment was effectuated by Defendants using words, acts, or force of which Plaintiff was afraid to ignore.

19. Plaintiff was aware of his imprisonment and resulting restriction of his movement.

## PRAYER FOR RELIEF

20. Paragraphs 1 through 19 are incorporated herein as if set forth in their entireties.

21. In consideration of the facts outlined above, Plaintiff requests the following relief:

    a. $250,000 in loss of potential earnings.

    b. $350,000.00 in punitive damages; and

    c. $1,000,000.00 compensation for Plaintiff's pain, suffering and humiliation.

WHEREFORE, Plaintiff requests that he be granted relief in the amount of $1,600,000.00

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

LOVET NDIALLE
By Counsel

Thomas F. Hennessy, Esq. (VSB: 32850)
The Hennessy Law Firm, PLLC
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030

(703) 865-8836 Telephone
(703) 865-7633 Facsimile
thennessy@virginiawage.net
Counsel for Plaintiff, Lovet Ndialle